**UNITED STATES of America,**
**Appellee,**

v.

**Jawad Amir MUSA, a.k.a. Leroy Moses,**
**Defendant–Appellant.**

**No. 10–3776–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2012.

Jawad Amir Musa, Atwater, CA, pro se.

Glen A. Kopp, Katherine Polk Failla, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROBERT D. SACK, REENA RAGGI and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Jawad Amir Musa was convicted in 1991 after a jury trial in the Southern District of New York of conspiracy to possess with intent to distribute one kilogram or more of heroin. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. Because Musa had two prior felony drug convictions, § 841(b)(1)(A) mandated a life sentence, which he is now serving. Having failed to secure reversal of that conviction on either direct appeal or through collateral challenges, Musa moved in 2010 pursuant to Fed.R.Crim.P. 36 to correct the judgment of conviction to indicate that he was convicted of a conspiracy to traffic in an unspecified quantity of heroin, *see* 21 U.S.C. § 841(b)(1)(C), rather than one kilogram or more of heroin, *see id.* § 841(b)(1)(A), because the specified drug quantity had been found by a preponderance of the evidence by the district court rather than beyond a reasonable doubt by the jury. *See United States v. Thomas*, 274 F.3d 655, 663 (2d Cir.2001)

(*en banc* ) (holding that, where drug quantity triggering mandatory minimum is not found by jury beyond a reasonable doubt, defendant must be sentenced under § 841(b)(1)(C)). Musa now appeals *pro se* from orders denying that motion as well as reconsideration. We review the challenged Rule 36 decision *de novo, see United States v. Burd,* 86 F.3d 285, 287 (2d Cir.1996), assuming the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Musa's appeal fails for two reasons. First, the relief he seeks does not properly fall within the narrow scope of "clerical error" referenced in Rule 36. That rule does not permit a district court to correct errors of law, judgment, or even misidentification. *See id.* at 288; *United States v. Werber,* 51 F.3d 342, 347–48 (2d Cir.1995). It provides for correction only of errors "of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd,* 86 F.3d at 288 (internal quotation marks omitted). The error of which Musa complains is not one of recitation or mechanics. The district court plainly intended to enter judgment pursuant to § 841(b)(1)(A) rather than § 841(b)(1)(C), as evidenced by the sentence imposed, which was mandated by the former statute and beyond the maximum of the latter. To the extent Musa complains that such a judgment is barred by *United States v. Thomas,* 274 F.3d 655, he argues a purported error of law that cannot be addressed under Rule 36.

Even if Rule 36 were not so circumscribed, Musa's appeal fails for a second reason. *Thomas* does not apply retroactively to judgments such as Musa's, which became final before *Thomas* was decided. *See Coleman v. United States,* 329 F.3d 77, 83–90 (2d Cir.2003) (holding that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, including *Thomas,* establish non-retroactive procedural rules). Thus, Musa's appeal fails on the merits.

We have considered Musa's other arguments on appeal and conclude that they are without merit. Accordingly, the orders of the district court are AFFIRMED.